UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAREHOUSE MARKET, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0577-CVE-JFJ |
| | ) |
| STATE OF OKLAHOMA ex rel. | ) |
| OKLAHOMA TAX COMMISSION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Stay and Brief in Support (Dkt. # 10). The Oklahoma Tax Commission (OTC) asks the Court to stay this case until the Oklahoma Supreme Court issues a decision in a case presenting the same substantive issue concerning plaintiff Warehouse Market, Inc.'s (Warehouse Market) obligation to pay state sales tax. Plaintiff claims that the OTC has taken the position in the state court litigation that the Oklahoma interpleader statute, OKLA. STAT. tit. 12, § 2022, does not allow the state court to resolve the substantive issue of plaintiff's tax liability, and it was necessary for Warehouse Market to file this declaratory judgment action to obtain a ruling on the underlying issue of the state's power to impose a sales tax on restricted tribal lands.

**I.**

On September 6, 2018, the Muscogee (Creek) Nation (the Tribe) sent a letter to Pinnacle Management & Consulting, LLC (Pinnacle) stating that retail businesses operating on restricted tribal lands were required to collect a 6 percent sales tax imposed by the Tribe. Dkt. # 13-2.

Pinnacle leased property from the Tribe under an agreement with the Bureau of Indian Affairs, and Warehouse Market operates a grocery store on the property pursuant to a sublease with Pinnacle. Dkt. # 1, at 2. Warehouse Market was already collecting a 10.083 percent sales tax imposed by the state of Oklahoma. Id. Warehouse initially paid the full amount of sales taxes owed to both entities, but it subsequently notified the OTC that it would no longer be collecting the state sales tax. Id. The OTC sent a letter to Warehouse Market stating that the sales tax imposed by the Tribe was not an exemption to the requirement to collect the state sales tax, and the failure to collect the state sales tax could result in the "closure of the business and/or revocation of the vendor's sales tax permit." Dkt. # 13-2, at 9.

Warehouse Market filed an interpleader action in Okmulgee County District Court stating that it sought to pay sales tax to the appropriate entity, but it claimed that there was a dispute whether Warehouse Market should pay sales tax to the Tribe or the state of Oklahoma. Dkt. # 13-2, at 1. The state court petition named the OTC, the Tribe, and Pinnacle as defendants. Warehouse Market sought leave to deposit the sales taxes it collected for the month of November 2018 with the state court, based on the higher state sales tax rate, and it also stated that it intended to deposit additional amounts until the case was resolved. Id. at 3. Warehouse Market asked the state court to enjoin defendants from taking any steps that could adversely affect its business or from filing any type of lawsuit or enforcement action against Warehouse Market. Id. at 4. The state court dismissed the Tribe on the ground of sovereign immunity and entered partial summary judgment in favor of Warehouse Market. Dkt. # 1, at 3; Dkt. # 13-3. The state court's order states that the OTC "is not currently entitled to retail tax proceeds at Plaintiff's subject matter retail establishment unless and until the legitimate dispute between the [Tribe] and the [OTC] as to taxation authority is resolved

in another forum or tribunal." Dkt. # 13-3, at 1. The state court certified the order for immediate appeal by the OTC. Id. at 2.

On appeal to the Oklahoma Supreme Court, the OTC raises three general arguments in opposition to the trial court's order granting partial summary judgment in favor of Warehouse Market. The OTC argues that the case is not a proper interpleader action, because there are not multiple adverse claimants to the disputed funds. Warehouse Market, Inc. v. Muscogee (Creek) Nation et at., 2020 WL 7011978, *1 (Brief of Appellant). The OTC asserts that Warehouse Market was required to exhaust its administrative remedies before the state court could exercise jurisdiction, and the trial court considered claims that were not raised in Warehouse Market's state court petition. Id. Finally, the OTC argues that 25 C.F.R. § 162.017 does not preempt the state of Oklahoma's authority to impose a sales tax on a non-Indian corporation operating a business on restricted tribal lands. Id.

Warehouse Market filed this case seeking a declaratory judgment that it is not required to pay a sales tax imposed by the state of Oklahoma, and it argues that this issue is governed by the Supreme Court's decision in White Mountain Apache Tribe v. Bracker, 448 U.S. 136 (1980). Dkt. # 1, at 6. Warehouse Market has not named the Tribe as a defendant in this case, even though the complaint alleges that the OTC and the Tribe are both attempting to collect sales taxes from the grocery store operated by Warehouse Market. The OTC has filed a motion to stay the case pending a ruling by the Oklahoma Supreme Court on its appeal of the state court's ruling in the interpleader action. Dkt. # 10. The OTC cites Younger abstention,[1] res judicata, and the Colorado River[2]

---

[1] Younger v. Harris, 401 F. 3d 37 (1971).

[2] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

doctrine in its motion to stay, but the OTC would withdraw its objection to proceeding in this case if plaintiff would dismiss the interpleader action in state court. Dkt. # 10, at 3-5; Dkt. # 14, at 1. Warehouse Market argues that the abstention doctrines cited by the OTC do not apply in this case, and the Court should reject the OTC's request for a stay. Dkt. # 13. The Court agrees that the arguments raised by the OTC do not provide the correct framework for a request to stay a declaratory judgment action, but the Court will exercise its discretion to determine whether it is appropriate to proceed with this declaratory judgment action while Warehouse Market is proceeding with a state court case that could resolve the same substantive issue on which it seeks a declaratory judgment in this Court.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." A court is not compelled to hear a declaratory judgment action and the Supreme Court has made "clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). "Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided," and a federal district court should consider "whether the claims of all interested parties can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding . . . ." Id. The Tenth

4

Circuit has identified five factors that should be considered by a district court when determining whether to exercise its discretion to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994). If the Court finds that it should not exercise jurisdiction over this case, it must also consider whether plaintiff's claims should be dismissed without prejudice or stayed until resolution of the state court proceedings. United States v. City of Las Cruces, 289 F.3d 1170 (10th Cir. 2002).

The first Mhoon factor is whether a ruling in this case would settle the controversy between the parties. Warehouse Market asks this Court to determine whether the state of Oklahoma has the power to require Warehouse Market to collect a state sales tax when the business is located on restricted tribal land. There is clearly a federal question raised in the complaint and the Court can exercise subject matter jurisdiction over this case. However, the Tribe has not been named as a party in this case, and Warehouse Market is asking the Court to determine whether the state of Oklahoma or the Tribe has the power to collect sales taxes from Warehouse Market. This raises a substantial question as to whether a declaratory judgment issued by this Court would be enforceable against the Tribe if the Court were to determine that the state, not the Tribe, had the power to collect sales tax from Warehouse Market. Due to the absence of a potentially necessary party, the Court finds that it is not clear that granting the declaratory relief requested by plaintiff would result in a final resolution of the parties' dispute. The same reasoning applies to the second Mhoon factor

5

concerning the usefulness of the declaratory judgment sought by the plaintiff. It will not serve a useful purpose to grant the relief requested by Warehouse Market if the declaratory judgment will be subject to a plausible challenge that a necessary party, the Tribe, was not joined as a party. The third Mhoon factor (procedural fencing or race to judgment) is not an issue in this case, because both lawsuits were filed by Warehouse Market and there is no concern that this case is being used for procedural fencing or a race to obtain a judgment.

The Court finds that the most significant factor is the fourth Mhoon factor (judicial comity). The state court has determined that it can retain possession of the interpleader funds and enjoin the state of Oklahoma from collecting sales tax, but it has refused to determine whether the state or the Tribe has the authority to collect sales taxes from Warehouse Market. Various aspects of the lower state court's rulings are on appeal to the Oklahoma Supreme Court, and the uncertain procedural posture of the state court litigation strongly weighs in favor of staying this case to avoid unnecessary friction between state and federal courts. Plaintiff argues that the state court has declined to rule on the dispute concerning the Tribe's and state's taxation authority, and the state court has determined that this issue should be resolved in another forum. Dkt. # 13, at 2. However, the Oklahoma Supreme Court could direct the trial court to resolve this issue or it could determine that Warehouse Market must exhaust administrative remedies before bringing a lawsuit. The Court notes that the purpose of interpleader is to provide a forum to resolve competing claims to a limited fund or property without the need for multiple or competing lawsuits. In re Millennium Multiple Employer Welfare Ben. Plan, 772 F.3d 634, 639 (10th Cir. 2014). In this case, the competing claimants are not all named as parties in the state court litigation and the state court has refused to resolve the substantive issue causing the dispute between the state and the Tribe, and the state court case is no

longer functioning as an interpleader action. A ruling by the Oklahoma Supreme Court will likely provide clarification on the procedural posture of the state court case and whether the state court will be required to resolve the underlying dispute to the interpled funds. The Court finds that the interest of judicial comity weigh strongly in favor of staying this case pending a ruling by the Oklahoma Supreme Court. The final Mhoon factor is whether there is an alternative remedy that will provide better or more effective relief for the parties. The Court will not be able to determine whether the state court interpleader action will provide better or more effective relief until the Oklahoma Supreme Court issues its decision, and this factor weighs in favor of staying the case.

      Considering all of the Mhoon factors, the Court finds that this case should be stayed pending a ruling by the Oklahoma Supreme Court on the procedural and substantive issues raised by Warehouse Market's state court interpleader action. The state court litigation has been left in the unusual posture of the state court retaining jurisdiction over the interpled funds and issuing an injunction against the OTC, but the state court has dismissed one of the parties with a claim to the disputed funds and has refused to resolve the underlying dispute. The Court finds that it would be premature to proceed with this declaratory judgment action until the Oklahoma Supreme Court resolves disputed issues of state law, including whether the parties' substantive dispute over taxation authority can be resolved in the interpleader action or state administrative proceedings. The Court finds that a stay, rather than dismissal, is the appropriate remedy, because the complaint clearly identifies a federal question that gives rise to subject matter jurisdiction under 28 U.S.C. § 1331 and it would be appropriate for this Court to resolve the issue if the Oklahoma Supreme Court determines that the issue will not be resolved in the state court litigation.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay and Brief in Support (Dkt. # 10) is **granted**, and this case is **stayed** pending a ruling by the Oklahoma Supreme Court in the interpleader action filed by Warehouse Market in Oklmulgee County District Court.

**IT IS FURTHER ORDERED** that the parties shall file notice within **seven days** of the Oklahoma Supreme Court's decision, and the parties shall attach a copy of the Oklahoma Supreme Court's ruling to the notice.

**DATED** this 5th day of January, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE